## PEOPLE v. DE VILLERS.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

CRIMINAL LAW ⬥1186—APPEAL—HARMLESS ERRORS.

In view of Code Cr. Proc. § 542, requiring a court on appeal to give judgment without regard to technical errors or defects, a conviction of larceny will not be disturbed, where the evidence clearly established defendant's guilt, on account of errors of procedure.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3215–3219, 3221, 3230; Dec. Dig. ⬥1186.]

Appeal from Trial Term, New York County.

Yves De Villers was convicted of grand larceny, and he appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Alexander A. Mayper, of New York City, for appellant.

Robert S. Johnstone, of New York City, for the People.

McLAUGHLIN, J. The defendant was convicted of the crime of grand larceny in the first degree, for which he was sentenced to imprisonment in a state's prison for a term of not less than 2½ years nor more than 3½ years. The indictment charged him with having obtained $5,239.67 from the Curtiss Aeroplane Company by means of false representations in the sale of a motor. The evidence adduced at the trial established that the defendant represented to the Curtiss Company that he was the agent of the Gnome Motor Company, of Paris, France, and could obtain from it a motor built for the Curtiss Company of the specifications required by it under the terms of its contract to furnish aeroplanes to the United States government. The Curtiss Company agreed to buy such motor, and in March, 1913, paid

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to him, to apply on the purchase price, $2,390. Some time thereafter the defendant telegraphed the Curtiss Company that the motor had arrived from Paris, and was then in New York, and he requested the balance of the purchase money, stating that he would immediately take the motor from the customhouse and forward the same. McCurdy, an employé of the Curtiss Company, was given a check for $5,239.67, payable to the Aeroplanes, Motors & Equipment Company, the name under which the defendant did business, with instructions to deliver the same to him upon ascertaining that the motor had arrived, as claimed by the defendant. The defendant took McCurdy to the American Express Company's building at 65 Broadway, New York City, and showed him a motor which he claimed, and which from all appearances, had just arrived from France. McCurdy then delivered the check, which was shortly thereafter cashed by the defendant.

The defendant's statements were false and untrue. The motor which was delivered to the Curtiss Company had not been specially built for it, but was a Gnome motor, which had been in this country since 1912, when it was imported by one Prince under an exhibition bond. It had been exhibited in Chicago and then forwarded to Prince in Boston by express, from which place it had been shipped, also by express, to the defendant doing business under the name above stated. When shown to McCurdy, all marks had been obliterated from the box in which it was shipped to New York, except the original consignment and the name Aeroplanes, Motors & Equipment Company. After an unsuccessful test by the government officials at Annapolis, the motor was replevied from the Motor Company by Prince.

The errors alleged by the defendant's counsel as calling for a reversal of the judgment of conviction have been carefully examined, but in view of section 542 of the Code of Criminal Procedure, which requires a court on appeal to give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties, we do not think they are of such a character as would justify us in reversing the judgment. A consideration of all the evidence, and particularly the testimony of the defendant himself, cannot fail to satisfy one that he was justly convicted of the crime with which he was charged.

The judgment of conviction is therefore affirmed. Order filed. All concur.